PER CURIAM.
This case arises out of a contract for the sale and purchase of a residence. A jury found that the seller, appellant Venture Homes, Inc., breached the contract and the implied warranty of habitability and failed to construct the home in a workmanlike manner. The final judgment awarded appellee his $27,000 deposit and $1,605 paid directly to Venture Homes for additions, plus interest.
We agree with the trial court that appellant’s case rose and fell with the credibility of Maurice Shashoua, its expert witness and the engineer of record on the job. Viewed in the light most favorable to appellee, the evidence indicated that Shashoua did not perform a necessary inspection and that he approved work that was contrary to industry standards. It was up to the jury “to determine the weight and credibility to be given an expert’s testimony.” Behm v. Div. of Admin., State Dep’t of Transp., 336 So.2d 579, 582 (Fla.1976).
Appellant’s motion in limine should have been granted. The complaint and counterclaim both sought liquidated damages under the contract — the deposit monies paid. Whether the seller sold the house after this sale fell through was not relevant to the issue of damages; there was no issue of mitigation of damages. See § 90.401, Fla. Stat. (1999) (providing that “[r]elevent evidence is evidence tending to prove or disprove a material fact”). However, appellant failed to preserve this issue by a contemporaneous objection to testimony and argument concerning the resale at trial. See Fincke v. Peeples, 476 So.2d 1319, 1322 (Fla. 4th DCA 1985).
AFFIRMED.
WARNER, C.J., GROSS and HAZOURI, JJ., concur.